[No. 2216. Decided June 12, 1896.]

H. UMFRID *et al.*, *Appellants*, v. A. M. BROOKS *et al.*,
*Respondents*.

CONTRACT — TIME OF PERFORMANCE — ENFORCEMENT.

An agreement to purchase a certain amount of stock in a company on or within three years from date, the stock meanwhile to be placed in escrow, cannot be enforced against the purchaser when the stock was not placed in escrow pursuant to the contract for a period of nearly sixteen months after the date of the contract.

Appeal from Superior Court, King County.—Hon.
RICHARD OSBORN, Judge. Affirmed.

*F. S. Griffith*, and *Jenner & Legg*, for appellants.
*Strudwick & Peters*, for respondents.

The opinion of the court was delivered by

DUNBAR, J.— On the 16th day of March, 1892, appellants and respondents entered into a contract in writing whereby, in consideration of one dollar, the appellants agreed to sell to the respondents, on or before the 16th day of March, 1895, thirteen and one-half shares of the capital stock of the Portland Cracker Company, a corporation, at $500 per share, in cash, interest to be paid annually at the rate of ten per cent. per annum from the date of the execution of the contract. The contract was conditioned that the said stock was to be deposited in escrow at the North End Bank, in the city of Seattle, and held until the 16th day of March, 1895, or until its purchase by the respondents. The stock was not placed in escrow at the bank designated, or at any other place, until about the first of July, 1893. The three years having expired, action was brought by the appellants for the purchase price agreed upon.

The defendants answering denied, among other things, that the plaintiffs had performed their contract, and alleged that the immediate and continuous control of the stock by the defendants was the chief inducement to them for entering into the said contract, and that the time of the deposit was of the essence of the contract; that this was the only consideration moving from the defendants to the plaintiffs; that the plaintiffs failed, neglected and refused to deposit said stock in escrow in said bank at the time of the execution of said contract, or within a reasonable time thereafter. The case was tried without a jury and at the close of plaintiffs' testimony, defendants moved for a non-suit, which was granted by the court.

We think the court did not commit error in granting the non-suit asked for, for, on the theory that in the absence of a special time mentioned for depositing the stock in escrow a reasonable time should be allowed, we do not think that sixteen months, where the length of the contract was only three years, is a reasonable time. It might readily occur that the control of the policy of such corporation was a valuable consideration to the purchasers. Under this contract they had a right to take this stock and control the corporation whenever an exigency might arise which, in their minds, would warrant such an action; and it stands confessed in this case that the respondents would not have had the power to do this for sixteen months after the execution of the contract. The time which should be considered reasonable must be determined by the circumstances of the particular case under consideration, and the fact that this stock was not deposited in escrow until three months after the first interest became due would indicate a want of compliance on the part of the appellants to a time

which is unreasonable. The court, under the testimony of the plaintiffs in this case, found that it was unreasonable, and we think it was justified in so finding. The appellants then, not having performed the contract on their part, cannot enforce a specific performance.

With this view of the case it becomes unnecessary to discuss the other errors alleged.

The judgment will be affirmed.

HOYT, C. J., and ANDERS and GORDON, JJ., concur.